UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.   1:19-cr-00019-01(RDM)

Christopher Green
        Defendant.

## DEFENDANT CHRISTOPHER GREEN'S SENTENCING MEMORANDUM

Defendant, by and through counsel, submits the following sentencing memorandum. The defendant requests the Court exercise its discretion and requests that the Court impose the shortest period of incarceration possible, particularly a sentence that imposes the requisite mandatory minimum sentences and runs all other sentences concurrent with the mandatory minimum sentences.

## Consideration of 18 U.S.C. § 3553 (a) factors.

The core requirement of 18 U.S.C. §3553(a) is that the court impose **"a sentence sufficient, but not greater than necessary"** to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors.  The factors outlined in § 3553(a) are as follows:

* The nature and circumstances of the of the offense and the history and characteristics of the defendant 18 U.S.C. § 3553(a)(1);

* the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

* the need for the sentence imposed "to afford adequate    deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

* the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C)

* the need for the sentence imposed "to *provide the defendant with needed* educational or vocational training, *medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. §    3552(a)(2)(D);

* the kinds of available sentences available, 18 U.S.C. §    3553(a)(3);

   * the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

  * "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

  * "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

## APPLICATION TO THE INSTANT CASE

### Defendant's Criminal History

The defendant's criminal history is <u>de minimis</u>. The defendant has a single conviction, (PSR par 104). That conviction was for possession of an unregistered firearm in 2011 when the defendant was 25. Significantly there was no indication that firearm possession related to any underlying criminal conduct. As noted in the PSR the defendant and his girlfriend were involved in "horseplay" when the gun accidentally discharged. The defendant did not have the firearm in connection with any criminal activity other than possession. Defendant was placed on Probation which he successfully completed.

The defendant has no other arrests, let alone convictions prior to this case. The defendant does not have any juvenile record. Prior to the instant case the defendant has never been incarcerated[1]. Notwithstanding being disadvantaged by a very challenging childhood the defendant was not involved in criminal activity prior to his becoming involved with the co-defendant in this case. Based on his lack of a prior record of any significance it is clear defendant was not oriented towards a criminal lifestyle prior to coming under the influence of the co-defendant.

### Defendant's Employment History

Defendant has a long history of gainful employment prior to his association with the co-defendant. (PSR par. 143-150) The evidence established that the defendant first met the co-defendant at co-defendant's uncle's memorial services. The Co-defendant's uncle and the defendant worked together. Were it not for that fateful meeting it seems doubtful the

---

[1] Ironically, defendant's first sentence of incarceration will be life or its functional equivalent. The defendant was 30 years old at the time of arrest in this case. He has been incarcerated since. He has hypertension, is prediabetic and has asthma. It is questionable that he would survive a 30/40 year period of incarceration. The prosecution is seeking a cumulative sentence more than this. The life expectancy of someone with defendant's preexisting conditions who is incarcerated is appreciably less than someone on release.

defendant would have participated in any of the activities that were involved in the instant case.

## Family and Community

As the PSR establishes, the defendant's family lacked any stability and provided minimal emotional or financial support. The defendant's father played no role in his life. Defendant did not meet his father until defendant was 22. PSR par 118. Defendant's grandfather was an alcoholic who abused his daughter, the defendant's mother. As is frequently the case, she was in turn physically abusive to the defendant and her other children. The abuse was so bad that when the defendant was 11 or 12 the defendant had to call the police because his mother was beating his twin brother so severely. The family never had a stable home, having to move frequently because his mother was not able to pay the rent. She was a single parent with apparently no family support. When his mother entered into a rehabilitation program, the defendant was not allowed to accompany her. As a young teenager the defendant became homeless and left to fend for himself. He stayed at Covenant House and "bounced around" with no home. Notwithstanding this adversity he managed to graduate from High School, maintain lawful employment and not be involved with the criminal

justice system.  He has done what he could to maintain a relationship with his mother.

## Defendant's Jail Adjustment

Defendant has been incarcerated for approximately 6 years and his record during that incarceration has been relatively good. There was only one disciplinary incident in March of 2019, when defendant was found in possession of contraband, a sharpened rod.(PSR par. 15)   Around that time defendant had been living under ongoing threats from associates of the victim, Zan Scott.  He armed himself because he was concerned that he was likely to be attacked. Ultimately, an associate of Mr. Scott did attack the defendant when he was unarmed and stabbed the defendant multiple times (PSR par 132).  The defendant defended himself as best he could without a weapon.  At a disciplinary hearing addressing the altercation no sanctions were imposed against the defendant because it was found he was not the aggressor.

While incarcerated the defendant has taken full advantage of the educational opportunities that were available. (PSR par 142).  He took college level courses through the PIVOT program, studied financial literacy,

Spanish, paralegal studies etc.. He also participated in the Jail's debate team.

## Defendant's Involvement in the Instant Case and Requested Sentence

The defendant was convicted of 3 counts which require imposition of mandatory minimum sentences: the DC Murder conviction (Count 10) has a mandatory minimum of 30 years. The Possession of a Firearm During a Crime of Violence in connection with the Assault with a Dangerous Weapon (Count 8) and the murder (Count 12) each have mandatory minimum sentences of 5 years.  The Court has the discretion to sentence those counts concurrently or consecutively.  Similarly, the Court has the discretion to impose all other sentences concurrently with the 30-year mandatory sentence in the murder case.  The defendant is requesting that the Court exercise its discretion to run all other sentences concurrently to the mandatory minimum sentence for murder.  The defense recognizes that what the defense is requesting is an exceptional exercise of leniency but in the circumstances of this case it is suggested that leniency is warranted.  In particular, the undisputed evidence is defendant did not physically injure anyone in any of the offenses for which he was convicted.

In connection with the murder of Zan Scott the prosecution theory was that the defendant attempted to rob Scott but Scott resisted and was getting the better of the defendant during the ensuing struggle. Codefendant shot and killed Scott without any request from the defendant. This is a classic Felony Robbery/Murder situation, but the evidence establishes the codefendant decided to shoot Mr. Scott on his own. The defendant was not involved in that decision.

In connection with the Sean Fullwood kidnapping/robbery the victim testified that codefendant was the only one who hit or struck him. The defendant was present and assisted in the robbery but never struck the victim.

In the Briscoe incident no one was injured. The only evidence defendant played any role was the self serving claim of the codefendant who was cooperating to get a more lenient sentence[2].

In the instant case the defendant who is essentially a first offender, who never physically injured anyone, is likely going to get a sentence that

---

[2] Although the Court is bound by the jury's verdict, the credibility of the codefendant was highly suspect. It is respectfully suggested that any conviction predicated primarily upon the testimony of the cooperated codefendant presents cause for concern.

is the functional equivalent of a life sentence.  If the Court follows the recommendations of the prosecution, it is highly improbable the defendant will survive his incarceration.

The instant case presents the anomalous situation where someone who has virtually no criminal record is convicted in a series of crimes where the evidence establishes that he did not inflict any physical injury on anyone.  Nonetheless, he is going to be sentenced to what is the functional equivalent of a life sentence. If the Court follows the defendant's request the defendant will receive a sentence of at least 30-40 years[3].

## Conclusion

For the foregoing reasons as well as any others that may arise at a sentencing hearing in this case, the defendant respectfully requests the Court impose the shortest period of incarceration possible in the instant case, 30 years, and run all other sentences concurrent to that sentence. The defendant suggests that a 30 year period of incarceration would be "sufficient but not greater than necessary" to achieve the objectives

---

[3] If the Court runs all of the mandatory minimum sentences consecutively the minimum sentence is 40 years even if the other sentences are all concurrent. If the Court runs all of the applicable sentences concurrently the minimum sentence is still 30 years, assuming none of the other sentences exceed 30 years.

inherent in sentencing.

WHEREFORE, the defense requests that the court impose shortest sentence of incarceration possible in this case.

Respectfully submitted,

__/s/_____
Jonathan Zucker #384629
Thomas Healy #452111
37 Florida Av. NE
Suite 200
Washington, D.C. 20003
(202) 624-0784

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 24th day of March 2025, I caused the foregoing to be served electronically using the CM/ECF system that will notify all registered users.

__/s/_____
Jonathan Zucker